United States District Court
Southern District of Texas
**ENTERED**
September 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IFL INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:26-cv-4376** |
| | § | |
| **POWER HOME REMODELING GROUP, LLC,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff IFL Inc.'s ("Plaintiff") Motion to Remand. (ECF No. 7). Defendant Power Home Remodeling Group, LLC ("Power Home") has filed a Response, stipulating to remand but opposing Plaintiff's request for attorney fees. (ECF No. 12). Plaintiff filed a Reply. (ECF No. 13). Having reviewed the motion, arguments, record, and applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Remand. (ECF No. 7).

## I. Background

Plaintiff filed this action on April 27, 2026, in the 400th Judicial District Court of Fort Bend County, Texas, asserting claims for breach of contract and

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 11).

violations of the Texas Deceptive Trade Practices Act due to a window-installation contract dispute. (ECF No. 1-1).

On June 2, 2026, Power Home filed its notice of removal based on diversity jurisdiction, contending Plaintiff is a nonprofit corporation with Texas citizenship and Power Home is a Delaware limited liability company with its headquarters and principal place of business in Pennsylvania. (ECF No. 1 at 1–2). On June 3, 2026, the Court entered an order for conference and disclosure of interested parties. (ECF No. 3). The order stated, "[i]f the Complaint or Notice of Removal filed in this action does not show the citizenship of limited liability entities, the filing plaintiff or removing defendant is ORDERED to file an Amended Complaint or an Amended Notice of Removal within twenty days from the entry of this order." (*Id.* at 1).

On June 30, 2026, Plaintiff filed the instant Motion to Remand, arguing that Power Home's notice of removal was defective because it failed to identify the citizenship of Power Home's LLC members and that Power Home did not file an amended notice of removal within twenty days of the Court's June 3 Order. (ECF No. 7). The next day, Power Home filed an amended notice of removal, indicating that it has three members—Adam Kaliner, Asher Raphael, and Corey Schiller—who are citizens of Pennsylvania and that it is owned by PHRG Intermediate, LLC, which is a Delaware limited liability company.

(ECF No. 8; ECF No. 8-8).

On July 20, 2026, Power Home filed a response to the motion to remand, stating it communicated to Plaintiff on July 15 that "[f]or confidential and sensitive reasons" it agreed to remand, but opposed its request for attorney fees of $10,670. (ECF No. 12). In reply, Plaintiff argues Power Home's amended notice is untimely and still defective because it does not identify the members of PHRG Intermediate, LLC or their citizenship. (ECF No. 13). Plaintiff further argues attorneys' fees are warranted under 28 U.S.C. § 1447(c) because Power Home lacked an objectively reasonable basis for removal considering it has failed to establish complete diversity. (*Id.*).

## II. Legal Standard

Federal courts are courts of limited jurisdiction "possessing 'only the power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A defendant may only remove a case over which the district court has original jurisdiction. 28 U.S.C. § 1441(a); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010) ("Where . . . the plaintiff files an action in state court with no federal question or complete diversity, the original jurisdiction necessary for removal under § 1441 does not exist.").

On a motion to remand, the removing party bears the burden of

establishing jurisdiction exists. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). In assessing whether removal is appropriate, courts are guided by the principle that "removal statute[s] should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The Court considers the claims in the state court petition as they existed at the time of removal to determine whether jurisdiction is present. *Louisiana v. Am. Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636–37 (5th Cir. 2014). Ultimately, remand is appropriate if the Court lacks jurisdiction and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* "An order remanding the case *may require payment of just costs and any actual expenses, including attorney fees*, incurred as a result of the removal." *Id.* (emphasis added).

## III. Discussion

### A. Motion to Remand

Power Home does not oppose Plaintiff's request for remand. In its response to Plaintiff's Motion to Remand, Power Home states that, "[f]or confidential and sensitive reasons, and after consultation with its counsel," it has elected to agree to remand. (ECF No. 12 at 1). Power Home also attached a copy of email correspondence between counsel wherein Power Home agrees to remand the case. (ECF No. 12-1). Accordingly, there is no dispute between the parties as to whether this action should be returned to state court. For this reason, the Court recommends granting in part Plaintiff's motion to the extent it requests remand. (ECF No. 7).

### B. Attorney's Fees

Presently, the parties' main dispute is whether Power Home had an objectively reasonable basis for removal, and in turn, whether Plaintiff is entitled to attorney's fees.

When a case is remanded, a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an

objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Here, although Power Home initially failed to adequately establish diversity jurisdiction, the record does not demonstrate that Power Home's removal was frivolous or objectively unreasonable. Power Home has consistently asserted a plausible basis for diversity jurisdiction. At the time of removal, Power Home asserted Plaintiff is a citizen of Texas and Power Home is a Delaware limited liability company with its headquarters and principal place of business in Pennsylvania. (ECF No. 1 at 1–2). When Power Home filed an amended notice of removal, it indicated that it has three members who are citizens of Pennsylvania and that it is owned by PHRG Intermediate, LLC, which is a Delaware limited liability company. (ECF No. 8; ECF No. 8-8). And, during email correspondence on July 15 discussing the motion to remand, Power Home's counsel maintained that "[t]here is complete diversity here but for reasons I will not disclose, my client wishes to keep its ownership structure confidential and not public record." (ECF No. 12-1 at 1). Although Power Home did not establish the complete citizenship of every member of PHRG Intermediate, LLC, the fact that a removing party ultimately fails to establish federal jurisdiction does not, standing alone, render the removal objectively unreasonable. *See Edge Commc'ns Sols. LLC v. Werthamer*, No. 4:25-cv-397,

2025 WL 3298312, at *7 (E.D. Tex. Nov. 26, 2025) ("While unsuccessful [at proving complete diversity among LLC members], there is nothing to suggest that Werthamer did not have an objectively reasonable basis for seeking removal. Therefore, the Court will not award costs or expenses to Edge."); *Roby v. State Farm Fire & Cas. Co.*, 464 F. Supp. 2d 572, 580 (E.D. La. 2006) ("[W]hen a party has an objectively reasonable basis to seek removal, a request for attorney fees should be denied. Because [Defendant] had an objectively reasonable basis to seek removal, this Court declines to grant the [plaintiffs'] request for attorneys' fees and costs."). The Court therefore does not conclude that Power Home lacked an objectively unreasonable basis for removal. As such, the Court recommends denying in part Plaintiff's motion to the extent it requests attorney's fees under § 1447(c). (ECF No. 7).

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion to Remand (ECF No. 7) be **GRANTED IN PART** to the extent that the case be **REMANDED** to state court and **DENIED IN PART** to the extent that the Court declines Plaintiff's requests for attorney's fees under 28 U.S.C. § 1447(c) in connection with the motion.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file

written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on September 22, 2026.

Richard W. Bennett
United States Magistrate Judge